IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES E. DRAYTON, | : | No. 4:CV-02-0077 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT KENNETH KYLER, | : | |
| ET AL., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

### September 15, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

The plaintiff, James E. Drayton ("Plaintiff" or "Drayton"), an inmate incarcerated at the State Correctional Institution, in Huntingdon, Pennsylvania ("SCI-Huntingdon"), proceeding *pro se,* initiated this civil rights actions pursuant to 42 U.S.C. § 1983 ("§ 1983") by filing a complaint in the United States District Court for the Middle District of Pennsylvania on January 17, 2002.  (See Rec. Doc. 1).  On March 22, 2002, Plaintiff filed an amended complaint, in which he named additional defendants and added claims pursuant to 42 U.S.C. §§ 1985 and 1986, which were dismissed by a subsequent order of the Court.  Plaintiff's only claim that remains is his Eighth Amendment claim.  (See Rec. Docs. 89, 99).

This case was referred to Magistrate Judge Malachy E. Mannion for preliminary review. On June 3, 2005 the Corrections Defendants filed the instant Motion for Summary Judgment. (Rec. Doc. 294) and on June 8, 2005, Plaintiff filed a Motion for Summary Judgment. (Rec. Doc. 297). The cross-motions for summary judgment have been briefed by the parties and are ripe for disposition. In addition, Plaintiff filed a Motion for Sanctions on June 3, 2005 which is deemed unopposed as the Corrections Defendants have failed to either file an opposing brief in accordance with Local Rule 7.6 or request an extension of time within which to do so. (Rec. Doc. 293).

On July 28, 2005, Magistrate Judge Mannion issued a Report and Recommendation within which he concluded that the cross-motions for summary judgment should be denied, that any ruling on Plaintiff's Motion for Sanctions, which allegedly claims a violation of an Order of this Court, be reserved for the undersigned, and that the instant action be set down for trial. (See Rep. & Rec. at 17-18).[1]

---

[1] A July 14, 2005 Report and Recommendation issued by the Magistrate Judge and recommending disposition of the parties' cross-motions for summary judgment, as well as Plaintiff's Motion for Sanctions was withdrawn by an order issued the same day by the Magistrate Judge, based upon the utilization of improper time calculations. (Rec. Doc. 306). In his July 14, 2005 Order, the Magistrate Judge explained that as per the proper time calculations, the Corrections Defendants were required to file their reply brief in support of their Motion for Summary Judgment by the close of business on July 14, 2005, and that they had until July 18, 2005 to file their brief in opposition to

Objections to the Magistrate Judge's Report were due on August 28, 2005 and to date none have been filed.[2]  This matter is now ripe for disposition.

**STANDARD OF REVIEW**:

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report."  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).  When a district court accepts a magistrate judge's report, the report becomes the judgment of the court.  Id.

In considering a Motion for Summary Judgment, it is important to note that summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  FED .R. CIV. P.  56(c); see also Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d

---

Plaintiff's Motion for Summary Judgment.  Id. at 2.

[2] Plaintiff's objections to the Report and Recommendation were due on August 15, 2005.  On August 15, 2005, we granted Plaintiff's Motion for an Extension of Time to File Objections to the Magistrate Judge's Report and Recommendation.  (See Rec. Doc. 315).  As per our August 15, 2005, Plaintiff's objections were due on August 19, 2005.  Subsequently, on August 22, 2005, we granted Plaintiff's Motion to Exceed Page Limit, ordered that Plaintiff's objections not exceed twenty-eight (28) pages, and granted Plaintiff's second Motion for Enlargement of Time to File Objections.  As per our August 22, 2005 Order, Plaintiff's objections were due to the Court on or before August 28, 2005 and to date none have been received.  (See Rec. Doc. 319).  This matter is therefore ripe for disposition.

Cir. 1990).  The party moving for summary judgment bears the burden of showing "there is no genuine issue for trial."  <u>Young v. Quinlan</u>, 960 F.2d 351, 357 (3d Cir. 1992).  Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences which a fact finder could draw from them.  <u>Peterson v. Lehigh Valley Dist. Council</u>, 676 F.2d 81, 84 (3d Cir. 1982).

Initially, the moving party has a burden of demonstrating the absence of a genuine issue of material fact.  <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 323 (1986).  This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof at trial.  <u>Id.</u> at 325.

Federal Rule of Civil Procedure 56 provides that, where such a motion is made and properly supported, the non-moving party must then show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue for trial.  FED. R. CIV. P. 56(e).  The United States Supreme Court has commented that this requirement is tantamount to the non-moving party making a sufficient showing as to the essential elements of their case that a reasonable jury could find in its favor.  <u>Celotex Corp.</u>, 477 U.S. at 322-23.

It is important to note that "the non-moving party cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a

genuine issue of material fact."  Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 511 (3d Cir. 1994) (citation omitted).  However, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) (citations omitted).

Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)(emphasis in original).  "As to materiality, the substantive law will identify which facts are material." Id. at 248. A dispute is considered to be genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

**DISCUSSION:**

Our review of this case confirms Magistrate Judge Mannion's detailed analysis and determinations, and while we have not been presented with any reason to revisit them, we do reiterate the salient aspects of the Magistrate Judge's report.

First, as the Magistrate Judge thoroughly explained the issue of exhaustion of administrative remedies as it relates to the factual background and procedural

5

history of this case in his report, we need not revisit it at this juncture. (See Rep. & Rec. at 3-16). After a careful review of the extensive procedural record in this case, we agree with the Magistrate Judge that Corrections Defendants' Motion for Summary Judgment based upon Plaintiff's alleged failure to exhaust administrative remedies should be denied. As the Magistrate Judge submits, Plaintiff took substantial steps in attempting to exhaust his administrative remedies, even going so far as to file a grievance, relating to his inability to complete his initial grievance in an attempt to obtain copies of the materials needed to submit his final appeal to the Secretary's Office of Inmate Grievances and Appeals. Id. at 15. In addition, several of the purposes underlying the requirement for exhaustion of administrative remedies have already not been served in this action as this case has been pending for a period in excess of three years with more than 300 docket entries. Id. at 15-16.

Second, as the Magistrate Judge submits, the Corrections Defendants concede that notwithstanding the exhaustion issue, material issues of fact exist regarding whether Plaintiff's Eighth Amendment rights were violated when his orthopedic boot was confiscated in the RHU.[3] (Rec. Doc. 309 at 13-14; Rep. &

---

[3] In that regard, the Corrections Defendants stated the following in their brief in opposition to Plaintiff's Motion for Summary Judgment, "This Honorable Court, in its prematurely issued July 14, 2005 report and recommendation noted that there were material question [sic] of fact as to whether

Rec. at 15-16). Accordingly, summary judgment is not warranted in the case <u>sub judice</u> and this case shall be set down for trial.

Finally, we note that this case has been in a state of procedural morass for an unnecessarily extensive period of time and as we previously noted, it has been on the Magistrate Judge's docket and on our docket for a period in excess of three years with more than 300 docket entries. The fact that this case has afflicted our docket for far too long is due, in large part, to defense counsel's particularly distressing conduct concerning Plaintiff's discovery requests, including disregarding multiple court orders requiring the discovery information at issue to be produced, as well as dilatory and delay tactics used in failing to respond to motions filed by the Plaintiff.[4] The most recent example of the inexplicable failure to focus on this matter by the Corrections Defendants' counsel concerns Plaintiff's Motion for Sanctions filed on June 3, 2005 relating to alleged violations of a May 3, 2005

---

safety and security concerns governed the Correction Defendants' refusal to provide the plaintiff with his orthopedic boots while confined within the RHU. In reviewing the Magistrate's analysis, the Correction Defendants' counsel agrees that there are genuine issues of material facts on this issue that would preclude summary judgment. Therefore, he respectfully submits that the Correction Defendants' motion for summary . . . judgment and the Plaintiff's motion for summary judgment should be denied, and if this Honorable Court denies the Correction Defendants' first argument concerning the Plaintiffs' administrative exhaustion, agrees with his recommendation that this matter should be scheduled for a jury trial." (<u>See</u> Rec. Doc. 309 at 13-14).

[4] We note that we are in receipt of a submission to the Court by counsel for the Government concerning substantive responses and documents to Plaintiff's outstanding discovery requests, pursuant to our May 3, 2005 Order. (Rec. Doc. 289).

Order entered by this Court following a hearing conducted on the aforementioned date in this case. (Rec. Doc. 293). In his report, the Magistrate Judge reserved any ruling on whether Defendants or their counsel violated the letter or spirit of our May 3, 2005 Order and what, if any, sanctions are appropriate as the undersigned entered that Order. (Rep. & Rec. at 17). As the Magistrate Judge explained and as previously noted, Plaintiff's Motion for Sanctions is deemed unopposed as the Corrections Defendants have failed to either file an opposing brief in accordance with Local Rule 7.6 or request an extension of time within which to do so.

    The Court has been made aware through the chambers of Magistrate Judge Mannion that an illness may have had an impact on the Government's failure to respond to Plaintiff's Motion for Sanctions. We also note that on July 27, 2005, Shawn P. Kenny entered his appearance on behalf of the Corrections Defendants. (Rec. Doc. 310). As the Corrections Defendants have failed to respond to Plaintiff's Motion for Sanctions, we will extend the period of time within which they shall respond to Plaintiff's Motion until thirty (30) days from the date of this Order. In any event, we strongly urge Mr. Kenny to thoroughly familiarize himself with this file. As noted, this case has extended for far too long a period, and it is sadly evident to us that prior defense counsel's inattentiveness has prevented any meaningful settlement discussions for a considerable period of time.

We will conduct a hearing on November 28, 2005 at 1:30 p.m. in Williamsport, Pennsylvania on Plaintiff's Motion for Sanctions and we will seek input from the parties with respect to scheduling the trial in this matter at that time. We will therefore defer ruling on the Plaintiff's Motion for Sanctions until the time of the hearing before the Court. Prior to the aforementioned hearing, it is important to note that it is incumbent upon the Government to complete any outstanding discovery at this juncture, to address and resolve all matters that arise in anticipation of trial, and to contact the Plaintiff directly concerning settlement negotiations in order to determine if they are a viable option in this case.[5]

Our review of this case confirms Magistrate Judge Mannion's determinations and we have not been presented with any reason to revisit them. Because we find no error in Magistrate Judge Mannion's Report and Recommendation and because no objections have been filed, we will adopt it as our own.

**NOW, THEREFORE, IT IS ORDERED THAT**:

1. Magistrate Judge Mannion's Report and Recommendation (doc. 311) is adopted in its entirety.

---

[5] We note that we are in receipt of the Corrections Defendants' Motion for Settlement Conference (doc. 313) as well as Plaintiff's Opposition to Corrections Defendants' Motion for Settlement Conference (doc. 316). Plaintiff's opposition to the afore-referenced Motion requests that the Court hold the Motion in abeyance pending his submission of objections to the Magistrate Judge's most recent report and the Court's resolution of his Motion for Sanctions.

2. Correction Defendants' Motion for Summary Judgment (doc. 294) is DENIED.

3. Plaintiff's Motion for Summary Judgment (doc. 297) is DENIED.

4. Plaintiff's Motion for an Enlargement of Time (doc. 312) is DENIED as moot.

5. A hearing will be conducted on November 28, 2005 at 1:30 p.m. in Williamsport, Pennsylvania in Courtroom #2 on Plaintiff's Motion for Sanctions and with respect to input from the parties concerning scheduling the trial in this matter. Officials from SCI-Hundington shall produce the Plaintiff at the aforesaid date and time and stay with the Plaintiff throughout the duration of said hearing and thereafter return him to SCI-Hundington.

6. The Clerk of Court shall fax a copy of this Order to SCI-Hundington.

7. Defendants' Motion for Settlement Conference (doc. 313) is DENIED as the Court will discuss the potential for a settlement conference at the time of the November 28, 2005 hearing.

8. We will defer ruling on Plaintiff's Motion for Sanctions (doc. 293) until the time of the hearing before the Court.

9. The Corrections Defendants shall respond to Plaintiff's Motion for

Sanctions (doc. 293) within thirty (30) days from the date of this Order.

                                        <u>s/ John E. Jones III</u>
                                        John E. Jones III
                                        United States District Judge